Filed 10/19/15  P. v. Itehua CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIAS ITEHUA,<br><br>    Defendant and Appellant. | 2d Crim. No. B260213<br>(Super. Ct. No. 14PT-00534)<br>(San Luis Obispo County) |

Elias Itehua appeals an order of the superior court recommitting him for treatment as a mentally disordered offender (MDO).  (Pen. Code, § 2962.)  We conclude that substantial evidence supports the trial court's finding that Itehua poses a substantial risk of physical harm to other persons.  We affirm.

FACTS

The Board of Parole Hearings (BPH) determined that Itehua met the criteria to be recommitted for treatment as an MDO.  Itehua filed a petition to challenge the BPH determination.  Itehua waived his right to a jury trial.

Phylissa Kwartner, a psychologist at the Atascadero State Hospital, testified that Itehua met "all the criteria" to be recommitted for treatment as an MDO.  Itehua's 2012 commitment offense involved stalking a married woman for six weeks.  He texted and called her on a daily basis.  She had to change her phone number nine times.  He went to her home on a daily basis "giving her affirmations of his affection."  She obtained

a restraining order. He violated it by approaching her at her home. She "felt threatened," used pepper spray, and called 911.

Kwartner said Itehua had "an erotomanic delusion" that he had a romantic relationship with the victim. Itehua suffers from schizophrenia. His severe mental disorder cannot be kept in remission without treatment. He continues to have the delusion that he has a romantic relationship with the same victim.

Kwartner testified Itehua represents "a substantial danger of physical harm to others by reason of his severe mental disorder."

The trial court found Itehua met the criteria for an MDO recommitment. It said, "[W]hile he's been treated, he still has the same delusion." It noted that he was "still focused" on the same victim of his commitment offense. The court said that "he has apparently no insight and is not being cooperative with the treatment."

DISCUSSION

*Substantial Evidence*

Itehua contends there is insufficient evidence to support the trial court's finding that he represents a substantial danger of physical harm to other persons. We disagree.

"We view the evidence in the light most favorable to the judgment drawing all reasonable inferences in support of the court's findings." (*People v. Itehua* (2014) 227 Cal.App.4th 356, 359.) "We do not decide the credibility of witnesses or weigh the evidence." (*Ibid.*) To commit a defendant for treatment as an MDO, the People must prove that he or she poses a "substantial risk of physical harm" to another person. (*People v. Baker* (2012) 204 Cal.App.4th 1234, 1247.)

Itehua was originally committed for treatment as an MDO because he stalked a married woman as his victim. (*People v. Itehua*, *supra*, 227 Cal.App.4th at p. 360.) In 2014, we affirmed the trial court's commitment order for Itehua and held his stalking "pattern of conduct was an implied credible threat" to that victim. (*Ibid.*)

At his MDO recommitment hearing, Kwartner testified that Itehua currently represents "*a substantial danger of physical harm to others* by reason of his severe

2

mental disorder." (Italics added.) She said he suffers from schizophrenia and he has "a history of psychosis." He has "an erotomanic delusion that he's in a romantic relationship with the victim of his MDO qualifying offense," and he suffers from "suicidal ideation." He displays "overt signs and symptoms of his severe mental disorder." He has "auditory hallucinations that he believes are emanating from his chest." They include hallucinations that are "derogatory in nature and laugh at him." Itehua has said that they "represent the Devil."

Kwartner said Itehua "has no insight into his mental illness." Itehua told Kwartner that, if he were released, "he would not take medications in the community." Kwartner said that without his medications he could "become more impulsive and more likely to act out his delusions in an aggressive or *violent way*." (Italics added.) Itehua was unable to "elaborate *on how he would stay non violent*." (Italics added.) He attended "less than half of his assigned treatment groups." He was "not voluntarily following his treatment plan."

Kwartner testified Itehua "still harbors the same delusion" about the woman he stalked during his commitment offense. Itehua continues to talk about her during treatment. This is an "ongoing symptom," which "puts him at risk for *further victimization of her* specifically in the community." (Italics added.) He currently believes "the behavior he exhibited in the [commitment offense] was societally *acceptable* given [his delusion] that they were in a relationship." (Italics added.) This testimony constitutes sufficient evidence to support the trial court's findings.

Itehua cites to some evidence which he claims supports his position on appeal. He contends that some of Kwartner's testimony conflicts with her ultimate conclusion about his dangerousness and impeaches her credibility. But the issue on appeal is not whether some evidence supports appellant, it is only whether substantial evidence supports the judgment. We do not weigh the evidence or decide the credibility of the witnesses. Those are matters exclusively for the trier of fact. (*People v. Itehua*, *supra*, 227 Cal.App.4th at p. 359.)

3

Itehua points out that Kwartner's testimony concerns his romantic delusions about only one victim. He contends that is not sufficient to constitute a threat of harm under the MDO statute. But as the People note, courts have held that putting "at least one other person at substantial risk of physical harm" is sufficient. (*People v. Baker*, *supra*, 204 Cal.App.4th at p. 1247.) Moreover, Itehua repeatedly stalked a married woman in violation of a restraining order, and he "went to her husband's place of employment and harassed [him]." Consequently, the trial court could reasonably infer from this and from Kwartner's testimony about his ongoing symptoms and delusions that he poses a threat to more than one person.

We have reviewed Itehua's remaining contentions and we conclude he has not shown error.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Kimberley J. Baker-Guillemet, Deputy Attorney General, for Plaintiff and Respondent.